Tlie opinion of the Court was delivered by
Poems, J.
The defendant seeks relief from a conviction of the crime of robbery and from a sentence of fourteen years to hard labor, on the ground of an error in the charge of the Judge to the jury.
In a motion for a new trial the accused complained of the error of the District Judge in charging the jury “ that when alihi is set up by the prisoner as a defense, the burden is upon him to prove it beyond reasonable doubt.” “ If, after considering all of the evidence, the jury entertains a reasonable doubt as to the guilt of the prisoner, he must be acquitted.”
In a bill of exceptions taken to the refusal of a new trial, the District Judge makes the following statement: “ No exception was taken and ' no objection raised by counsel for the defense when the charge of the *1214 court was given to tlie jury.” “ That charge was a verbal one and counsel for the defense assumes more than he has a right to do, when lie quotes from it with such minute precision.” * * • “ The court
instructed the jury that the credibility of all the witnesses heard in the case was before them.” “ That they could believe or disbelieve this or that witness as they saw lit, if after due examination of the whole evidence adduced they thought they were justified in doing so.”
From the foregoing statement it clearly appears :
1. That the charge complained of is not brought up in a bill of exceptions taken at the time that the charge was given.
2. That the charge was not given in writing.
And we may add that from the record it appears that the charge complained of was not given at all.
If we concede to counsel for the accused the principle which he contends for, that “ where error of law in the charge appears on the face of the record, it is properly before the court,” it is clear that the error complained of does not appear in the record, in any of the modes prescribed by law and recognized by jurisprudence.
In the case of Ricks, 32 An. 1098, which he quotes, it appeared that the obnoxious charge had been given to the jury ‘‘ in writing, and was embodied in the record,” which is not the case here. That decision has been subsequently reviewed by us and ha's been considerably modified in the case of Baird et al., 34 An. 106, where we showed the danger of abuse in allowing the accused to complain on appeal of a charge, even in writing, to which he had not objected or excepted when it was given, by which course he “ would be at liberty to take his chances of acquittal on the charge as delivered, and if convicted, to urge his objections in subsequent proceedings.” And without absolutely overruling the previous opinion we laid down the following rule : “ Ouly in cases of gross and unambiguous error will we sustain objections to the charge; not made and presented by bill of exceptions at time of delivery.”
The rule is sufficiently favorable to the accused, and will be adhered to.
In this case the accused has to encounter two insurmountable obstacles : 1st, the charge was not reduced to writing •, and 2d, no objection was made, or exception taken, to the charge at the time of delivery. The circumstances ofthis case, in which the defendant complains of a charge which the Judge denies having given, and which therefore does not appear of record, justify the wisdom of the rule which requires in all but exceptional cases, that the objection to a charge must be presented by bill of exceptions taken at the time of delivery.
The record shows no error to the prejudice of the defendant.
Judgment affirmed.